No. 47632.—Protest 958250–G of Western Novelty Co. (Los Angeles).

Opinion by WALKER, J.   The examiner who was called by the plaintiff identified two articles which were marked as exhibits.   They were found to consist of imitation leis such as are commonly seen at carnivals and seashore resorts.   Each consists of a strand of colored chip roping about 30 inches long with the ends tied securely together so that they may be hung around the neck.   From the record it was clear that the only effort expended in producing the articles is cutting chip roping to length and tying the ends.   The plaintiff claims this is not a manufacturing process and that the merchandise has not reached the stage of becoming a manufacture of chip roping, citing *Nootka* v. *United States* (22 C. C. P. A. 464, T. D. 47464).   Defendant claims that the articles have acquired a new name, character, and use different from which the material, chip roping, originally had, and cited *Ishimitsu v. United States* (11 Ct. Cust. Appls. 186, T. D. 38963). The court was of the opinion that simple as the manufacturing effort applied to the articles may have been, it nevertheless changed the material into a new article, having new characteristics, including a new name and a new use, and cited *United States* v. *General Dyestuff Corp.* (29 C. C. P. A. 53, C. A. D. 170). In accordance therewith the protest was overruled.

BEFORE THE SECOND DIVISION, OCTOBER 9, 1942

No. 47633.—Protest 869014–G of Eric Wedemeyer (New York).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel and on the authority of Abstract 41633 the claim at 40 percent under paragraph 339 was sustained.

BEFORE THE FIRST DIVISION, OCTOBER 14, 1942

No. 47634.—Protests 4571–K, etc., of Fish-Schurman Corp. (New York).

Opinion by OLIVER, P. J.   In accordance with stipulation of counsel and on the authority of Abstract 45423 the glass in question was held dutiable at the rate of $12\frac{5}{64}$ cents per pound under paragraph 219, by virtue of T. D. 45313, and in addition thereto at 5 percent ad valorem under paragraph 224 as being colored. The protests were sustained to this extent.